UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

SHAY SHERWOOD,

Plaintiff,

v.

Case No. 6:26-CV-1363-PGB-DCt

RESYNC RESOLUTION LLC d/b/a

RESYNC and BETTER PATH LENDING, and

JOHN DOE TELEMARKETING

COMPANIES 1–10,

Defendants.

_____/

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Shay Sherwood ("Plaintiff"), proceeding pro se, brings this action against

Defendant Resync Resolution LLC d/b/a Resync and Better Path Lending and John

Doe Telemarketing Companies 1–10, and alleges as follows:

PARTIES

1. Plaintiff Shay Sherwood is a natural person and resident of Orlando, Florida.

1

2. Defendant Resync Resolution LLC is an active foreign limited liability company registered in Nevada.

3. The Nevada business record for Resync Resolution LLC lists a member address of 2300 W. Sahara Avenue, Suite 800, Las Vegas, Nevada 89102.

4. Contract documents received by Plaintiff identified "Resync" and/or "Resync, LLC" at 2300 W. Sahara Avenue, Suite 800, Las Vegas, Nevada 89102.

5. Upon information and belief, Defendant Resync Resolution LLC conducted business under the names "Resync," "Resync, LLC," and/or "Better Path Lending" in connection with the telemarketing campaign described herein.

6. Better Path Lending is a trade name, business name, marketing name, or d/b/a used in connection with the telemarketing campaign described in this Complaint.

7. Defendant John Doe Telemarketing Companies 1–10 are telemarketing companies, lead generators, dialing platform operators, marketing affiliates, call centers, vendors, or other persons or entities who initiated, facilitated, routed, transferred, or participated in the telemarketing calls described in this Complaint.

8. The true names and capacities of John Doe Telemarketing Companies 1–10 are presently unknown to Plaintiff and will be substituted when discovered.

2

JURISDICTION AND VENUE

9. This action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law.

11. Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff resides in this District and received the unlawful calls in this District.

FACTUAL ALLEGATIONS

12. Beginning in approximately November 2025 and continuing through April 2026, Plaintiff received approximately one hundred thirty-one (131) telemarketing calls to Plaintiff's cellular telephone.

13. The calls promoted unsecured personal loans and related financial services in the approximate range of $70,000 to $75,000.

14. The calls were made by, for, or on behalf of Defendant Resync Resolution LLC d/b/a Resync and Better Path Lending for the purpose of generating customers, applicants, or prospective customers for Defendant's financial services.

15. Plaintiff's telephone number is a cellular telephone number used for personal and residential purposes.

3

16. Plaintiff's telephone number was registered on the National Do Not Call Registry before any of the calls described in this Complaint.

17. Plaintiff's telephone number remained continuously registered on the National Do Not Call Registry throughout the period during which the calls were received. Proof of Plaintiff's National Do Not Call Registry registration is attached as Exhibit Q.

18. Plaintiff did not provide prior express consent or prior express written consent to receive telemarketing calls from Defendant Resync Resolution LLC d/b/a Resync and Better Path Lending.

19. Plaintiff did not provide prior express consent or prior express written consent to receive telemarketing calls from any telemarketing vendor, lead generator, call center, dialing platform, marketing affiliate, or other person acting on Defendant's behalf.

20. Plaintiff never submitted an online inquiry seeking loans from Defendant.

21. Plaintiff never requested that Defendant contact Plaintiff regarding loan products or financial services.

22. Plaintiff never provided Plaintiff's telephone number to Defendant for telemarketing purposes.

23. Plaintiff did not have an established business relationship with Defendant before the calls described in this Complaint.

4

24. The calls used prerecorded or artificial voice messages.

25. Many calls instructed Plaintiff to press a number to speak with a representative.

26. Several calls resulted in prerecorded voicemail messages.

27. The calls were placed from numerous different telephone numbers.

28. The callers used multiple business names during the calls, including Palm Haven Lending, Iron Way Lending, Iron Path Lending, Green Path Lending, Clear Path Lending, Keystone Lending, Skyline Crest Funding, Ridge Financial, Hearthstone Lending, Cornerstone Lending, Frontier Capital, and other similar loan-related names.

29. Although different names were used during the calls, the calls followed the same pattern, promoted the same type of loan product, and routed Plaintiff to representatives who later sent emails or documents referencing Better Path Lending, Resync, Resync, LLC, or the same loan or financial services program.

30. Despite the use of multiple business names, the calls followed the same pattern and promoted the same type of loan or financial services.

31. Plaintiff answered many of the calls.

32. During numerous answered non-anchor-event calls, Plaintiff expressly requested that the callers stop calling and place Plaintiff on their do-not-call list.

33. Plaintiff made clear and unequivocal do-not-call requests whenever Plaintiff spoke with callers during non-anchor-event calls.

34. Despite Plaintiff's National Do Not Call Registry registration and Plaintiff's repeated do-not-call requests, the telemarketing calls continued.

35. Plaintiff responded to certain calls and requested emails or documents only to identify the company or entities responsible for the repeated robocalls.

36. Plaintiff's limited responses to the calls were investigative and did not constitute consent to receive telemarketing calls.

37. Plaintiff requested written information because the callers used multiple names and did not clearly identify the legal entity responsible for the calls.

CALL LOGS, EMAILS, AND APPLICATION DOCUMENTS

38. After Plaintiff responded to separate prerecorded call sequences, Plaintiff received follow-up emails or documents from individuals using the names Jason Morgan, Donna Wilson, Alexander Joseph, Henry Hart, Thomas Wilson, Amy Turocy, Dylan Page, and Jess Langford.

6

39. Each representative communicated with Plaintiff after Plaintiff responded to prerecorded telemarketing calls promoting unsecured personal loans in the approximate range of $70,000 to $75,000.

40. Each representative's follow-up communication is matched with a corresponding call log sequence showing the calls that led to that representative.

41. The corresponding call logs and emails are attached as Exhibits A through P.

42. The emails consistently referenced Better Path Lending through the email domain, letterhead, body content, signature block, or related loan-program materials.

43. The emails reflected a connection between the representatives and Better Path Lending or the same Better Path-related sales process.

44. The repeated emails after separate call sequences support a reasonable inference that the calls were part of a coordinated telemarketing campaign rather than isolated or unrelated calls.

45. The final application, signature, or contract documents received through Jess Langford identified Resync and/or Resync, LLC.

46. The documents identifying Resync and/or Resync, LLC demonstrate that the telemarketing campaign ultimately routed Plaintiff into a Resync-related financial services process.

7

47. The telemarketing campaign followed a consistent sequence: prerecorded call, loan offer, press-to-connect prompt, live representative, follow-up email, and final application, signature, or contract documents.

48. This repeated sequence occurred across multiple call clusters and multiple representatives.

## LOGICAL BRIDGE CONNECTING THE CALLS TO DEFENDANT

49. The calls were part of a coordinated telemarketing campaign promoting unsecured personal loans and related financial services connected to Defendant Resync Resolution LLC d/b/a Resync and Better Path Lending.

50. The callers used multiple business names, but the calls followed the same general pattern and promoted the same type of financial product.

51. Plaintiff was repeatedly routed from prerecorded calls to live representatives.

52. Those representatives sent Plaintiff emails that referenced Better Path Lending or the same Better Path-related sales funnel.

53. The final application, signature, or contract documents identified Resync and/or Resync, LLC and listed Resync-related contact information.

54. The alleged sequence was: prerecorded calls, transfer to representative, follow-up email, application documents, and Resync-related signature or contract documents.

8

55. The call logs attached as Exhibits A, C, E, G, I, K, M, and O show separate call sequences that led to specific representatives.

56. The emails and documents attached as Exhibits B, D, F, H, J, L, N, and P show the follow-up communications that linked those call sequences to Better Path Lending, Resync, Resync, LLC, or the same sales funnel.

57. The paired call logs and emails support a reasonable inference that the calls were directed toward Defendant's business.

58. The repeated pattern across multiple representatives supports a reasonable inference that Defendant was the intended recipient and beneficiary of the leads generated by the calls.

59. Defendant either directly initiated the calls or caused the calls to be initiated by John Doe Telemarketing Companies 1–10 acting on its behalf.

60. John Doe Telemarketing Companies 1–10 initiated, facilitated, routed, transferred, or participated in the calls for the purpose of generating leads, applicants, or customers for Defendant.

61. Defendant accepted and benefited from the leads generated through the telemarketing campaign.

62. Defendant accepted, processed, or attempted to process Plaintiff as a prospective customer after Plaintiff was routed through the telemarketing campaign.

63. Defendant's alleged acceptance and processing of Plaintiff as a prospective customer after the call sequences supports Plaintiff's claim that Defendant ratified or benefited from the telemarketing campaign.

64. Plaintiff alleges that the 131 calls were part of the same coordinated telemarketing campaign and were made by, for, or on behalf of Defendant.

WILLFUL AND KNOWING CONDUCT

65. The calls were repeated over several months.

66. The calls used prerecorded or artificial voice messages.

67. The calls were placed from numerous different telephone numbers.

68. The callers used multiple business names.

69. Plaintiff's number was registered on the National Do Not Call Registry before the calls and remained registered throughout the calling period.

70. Plaintiff did not consent to the calls.

71. Plaintiff made repeated do-not-call requests during answered non-anchor-event calls.

72. Despite those requests, the calls continued.

73. Defendant's representatives repeatedly sent follow-up emails connected to the same sales funnel.

74. The final documents identified Resync and/or Resync, LLC.

10

75. These facts support a reasonable inference that Defendant knew or should have known that consumers were being generated through telemarketing calls.

76. Defendant accepted, processed, or benefited from leads generated through the telemarketing campaign despite the repeated nature of the calls and the use of prerecorded messages.

77. Defendant's conduct was knowing and willful.

COUNT I

Violation of the TCPA

47 U.S.C. § 227(b)

78. Plaintiff realleges paragraphs 1 through 77 to the extent they relate to the § 227(b) claim.

79. Defendant Resync Resolution LLC d/b/a Resync and Better Path Lending initiated or caused to be initiated telemarketing calls to Plaintiff's cellular telephone.

80. John Doe Telemarketing Companies 1–10 initiated, facilitated, routed, transferred, or participated in telemarketing calls to Plaintiff's cellular telephone for the purpose of generating leads, applicants, or customers for Defendant Resync Resolution LLC d/b/a Resync and Better Path Lending.

81. The calls used prerecorded or artificial voice messages and, upon information and belief, automated dialing technology.

82. Plaintiff heard prerecorded or artificial voice messages during the calls, including messages offering loan or financial services and instructing Plaintiff to press a number to speak with a representative.

83. Plaintiff did not provide prior express consent or prior express written consent to receive such calls.

84. Each call using a prerecorded or artificial voice constitutes a separate violation of 47 U.S.C. § 227(b). To the extent discovery confirms the use of an automatic telephone dialing system, those calls also violated § 227(b).

85. Defendant's violations were knowing and willful.

COUNT II

Violation of the TCPA

47 U.S.C. § 227(c)

86. Plaintiff realleges paragraphs 1 through 77 to the extent they relate to the § 227(c) claim.

87. Plaintiff's telephone number was registered on the National Do Not Call Registry before the calls.

88. Plaintiff's telephone number remained continuously registered on the National Do Not Call Registry throughout the calling period.

89. Defendant Resync Resolution LLC d/b/a Resync and Better Path Lending initiated or caused to be initiated more than one telemarketing call to Plaintiff within a twelve-month period.

90. John Doe Telemarketing Companies 1–10 initiated, facilitated, routed, transferred, or participated in more than one telemarketing call to Plaintiff within a twelve-month period for the purpose of generating leads, applicants, or customers for Defendant Resync Resolution LLC d/b/a Resync and Better Path Lending.

91. The calls promoted loan and financial services.

92. Plaintiff did not provide prior express invitation or permission to receive the calls.

93. Plaintiff made repeated internal do-not-call requests during answered non-anchor-event calls.

94. The calls continued after Plaintiff's do-not-call requests.

95. Defendant's repeated telemarketing calls violated 47 U.S.C. § 227(c) and the FCC's implementing regulations.

96. Defendant's violations were knowing and willful.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Award statutory damages of $500 for each violation of the TCPA;

13

b. Award treble damages of $1,500 for each knowing or willful violation where permitted by law;

c. Award injunctive relief prohibiting Defendants from making unlawful telemarketing calls;

d. Award costs;

e. Grant leave to amend to substitute the identities of presently unknown telemarketing vendors, lead generators, dialing platform providers, affiliates, marketing entities, and John Doe Defendants as discovery progresses; and

f. Award such other and further relief as the Court deems just and proper.

LEAVE TO AMEND

97. Plaintiff respectfully requests leave to amend this Complaint to add additional parties, claims, or factual allegations as they become known through discovery, including the identities of telemarketing vendors, dialing platform providers, lead generators, call centers, marketing affiliates, or entities operating under the names used in the telemarketing campaign.

DEMAND FOR JURY TRIAL

98. Plaintiff demands trial by jury on all issues so triable.

Dated: _____

14

Respectfully submitted,

Shay Sherwood

3814 Rampart Dr

Orlando, FL 32812

407-963-3068

Mymozzarellapie@yahoo.com

EXHIBIT LIST

Exhibit A – Call Log Corresponding to Jason Morgan Email

Exhibit B – Email from Jason Morgan

Exhibit C – Call Log Corresponding to Donna Wilson Email

Exhibit D – Email from Donna Wilson

Exhibit E – Call Log Corresponding to Alexander Joseph Email

Exhibit F – Email from Alexander Joseph

Exhibit G – Call Log Corresponding to Henry Hart Email

Exhibit H – Email from Henry Hart

15

Exhibit I – Call Log Corresponding to Thomas Wilson Email

Exhibit J – Email from Thomas Wilson

Exhibit K – Call Log Corresponding to Amy Turocy Email

Exhibit L – Email from Amy Turocy

Exhibit M – Call Log Corresponding to Dylan Page Email

Exhibit N – Email from Dylan Page

Exhibit O – Call Log Corresponding to Jess Langford Email

Exhibit P – Email from Jess Langford, Signature Request, and Resync Identity
Documents

Exhibit Q – National Do Not Call Registry Registration Confirmation